Eastern District of Kentucky
F I L E D
AUG 0 5 2005
A. _____ON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-530-GWU

BENNIE COMBS,                                              PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his application for Supplemental Security Income (SSI). The appeal is

currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity?
   If yes, the claimant is not disabled. If no, proceed to Step 2.
   See 20 CFR 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical
   or mental impairment(s)? If yes, proceed to Step 3. If no, the
   claimant is not disabled. See 20 CFR 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any
   impairment(s) significantly limiting the claimant's physical or
   mental ability to do basic work activities? If yes, proceed to
   Step 4. If no, the claimant is not disabled. See 20 CFR
   404.1520(c), 404.1521, 416.920(c), 461.921.

1

Combs

4.      Can the claimant's severe impairment(s) be expected to result
        in death or last for a continuous period of at least 12 months?
        If yes, proceed to Step 5.  If no, the claimant is not disabled.
        See 20 CFR 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of
        impairments meeting or equaling in severity an impairment
        listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of
        Impairments)? If yes, the claimant is disabled.  If no, proceed
        to Step 6.  See 20 CFR 404.1520(d), 404.1526(a), 416.920(d),
        416.926(a).

6.      . Can the claimant, despite his impairment(s), considering his
        residual functional capacity and the physical and mental
        demands of the work he has done in the past, still perform this
        kind of past relevant work?  If yes, the claimant was not
        disabled. If no, proceed to Step 7.  See 20 CFR 404.1520(e),
        416.920(e).

7.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity, age, education, and past work
        experience, do other work--i.e., any other substantial gainful
        activity which exists in the national economy?  If yes, the
        claimant is not disabled.   See 20 CFR 404.1505(a),
        404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

        Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.   Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  Jones v. Secretary of Health and

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Combs

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine:  (1)

3

Combs

> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be
remedied by treatment. The Sixth Circuit has held that such an impairment will not
serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health
and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same
result does not follow if the record is devoid of any evidence that the plaintiff would
have regained his residual capacity for work if he had followed his doctor's
instructions to do something or if the instructions were merely recommendations.
Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,
1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before
it, despite the plaintiff's claims that he was unable to afford extensive medical work-
ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.
1987). Further, a failure to seek treatment for a period of time may be a factor to be
considered against the plaintiff, Hale v. Secretary of Health and Human Services,
816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Combs

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Combs

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 CFR 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

6

Combs

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d

279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the

Commissioner's decision may be produced through reliance on this expert testimony

only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments.   <u>Varley  v. Secretary of Health and Human</u>

<u>Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Combs, a 52 year-old

man with a "limited" education and no past relevant work history, suffered from

impairments related to back and left hip pain.  (Tr. 18, 22).  Despite the plaintiff's

impairments, the ALJ determined that he retained the residual functional capacity

to perform a restricted range of light level work.  (Tr. 22).  Since the available

work was found to constitute a significant number of jobs in the national

economy, the claimant could not be considered totally disabled.  (Tr. 22).  The

ALJ based this decision, in large part, upon the testimony of a vocational expert.

(Tr. 20-21).

After review of the evidence presented, the Court concludes that

substantial evidence supports the ALJ's finding that Combs was not disabled

after June 1, 2003.  However, for the relevant time period <u>prior</u> to this date,

substantial evidence does not support the ALJ's finding and further consideration

7

of the plaintiff's status during this period is required.[1]  Therefore, the Court must grant the defendant's summary judgment in part and reverse and remand the action in part for consideration of a potential award of SSI for a closed period.

The hypothetical question presented to Vocational Expert Melissa Glannon included an exertional limitation to light level work along with such non-exertional limitations as an inability to stand or walk for more than two hours in an eight-hour day and an inability to more than occasionally climb, balance, stoop, kneel, crouch, or crawl.  (Tr. 222).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 222). Therefore, assuming that the vocational factors considered by Glannon fairly characterized Combs' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

On June 16, 2003, Dr. Hughes Helm examined Combs at the request of the administration.  The doctor noted a history of fracture of the left femur in April of 2002 which had required the placement of a plate and screws.  (Tr. 197).  The doctor noted a significant left-sided limp but found no gross motor dysfunction or sensory loss.  (Tr. 200).  The physician completed a Medical Source Statement upon which he noted a number of physical restrictions.  (Tr. 203-206).  These restrictions were presented to Glannon in the hypothetical question.  No physician of record contradicts Dr. Helm's opinion for the time period after June 1, 2003.

---

[1]The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after the application date.  Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993).  The plaintiff filed his SSI application on May 6, 2002.  (Tr. 103).

Combs

Therefore, this portion of the administrative decision is supported by substantial evidence.

Combs argues that the ALJ erred in failing to find that he was entitled to a closed period of SSI. Dr. Mukut Sharma, a treating physician, opined in May of 2002, that the plaintiff should be excused from work for an indefinite period to last at least until June 1, 2003. (Tr. 194). The plaintiff notes that this opinion was not specifically addressed by the ALJ in his denial decision. (Tr. 17-22). The claimant asserts that even if the ALJ had good grounds for rejecting this opinion as binding, the administrative regulations still require an ALJ to state the reasons in the denial decision--"we will always give good reasons in our notice of determination or decision for the weight we give your treating physician's opinion." 20 C.F.R. Section 416.927(d)(2). The Sixth Circuit Court of Appeals recently held that an ALJ's failure to comply with this procedural requirement constitutes reversible error even when there is "sufficient evidence in the record for the ALJ to discount the treating source's opinion, and thus, a different outcome on remand is unlikely." Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004). Among the reasons cited for this requirement was the importance of letting claimants know the weight given to the opinions of their treating sources, to ensure compliance with the treating physician rule, to permit meaningful review of the administrative decision, and the principle that administrative agencies must comply with their own regulations. Wilson, 378 F.3d at 544. Therefore, a remand of the action for further consideration of a closed period of SSI prior to June 1, 2003 is required.

9

Combs

The undersigned concludes that the administrative decision must be affirmed with regard to the time period after June 1, 2003 and reversed and remanded for further consideration of a closed period before this date. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___5___ day of August, 2005.

G. WIX UNTHANK
SENIOR JUDGE

10